Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| TOMÁS F. DAVIÚ LEDESMA<br><br>Apelante<br><br>v.<br><br>MAPFRE PRAICO<br>INSURANCE CO.<br>Y OTROS<br><br>Apelada | KLAN202400805 | Apelación procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Sobre:<br>Código de Seguros; Incumplimiento Contractual; Daños y Perjuicios<br><br>Caso Núm.:<br>FA2020CV00580 |

Panel Especial integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Lebrón Nieves y la Juez Rivera Marchand

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de junio de 2025.

Comparece ante nos la parte apelante, Tomas F. Daviú Ledesma (en adelante, parte apelante o Daviú Ledesma), y solicita que se deje sin efecto la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Fajardo, el 16 de julio de 2024, notificada el 17 de julio de 2024. Mediante la misma, el Foro Primario desestimó con perjuicio, por falta de jurisdicción sobre la materia, una demanda presentada por la parte apelante que imputaba violaciones al Código de Seguros de Puerto Rico, incumplimiento de contrato, y daños y perjuicios, promovida en contra MAPFRE PRAICO Insurance (en adelante, MAPFRE), la Asociación de Condominios, en representación del Condominio Dos Marinas I (en adelante, Asociación) y Chubb Insurance Company of Puerto Rico (en adelante, Chubb).

Por los fundamentos que expondremos a continuación, se revoca la *Sentencia* apelada.

**I**

El 20 de septiembre de 2020 la parte apelante presentó una demanda contra MAPFRE, la Asociación, Chubb, HOC Insurance Group Inc. (en adelante, HOC), y Yanira Orsini Vélez (en adelante, Orsini Vélez o Representante Autorizada). Surge del pliego, que, tras el paso del huracán María, el apartamento de la parte apelante, ubicado en el Condominio Dos Marinas I, sufrió varios daños estructurales.[1] En la demanda, esbozó que MAPFRE tenía un contrato de seguros vigente con la Asociación para ese entonces, el cual incluía una póliza matriz de estructura completa del edificio del condominio, y una póliza multilineal de propiedad personal.[2] Esta segunda póliza incluía una cubierta por derrama con un límite de hasta cinco mil dólares ($5,000.00) por cada titular.[3] Según surge de la demanda, la póliza multilineal de propiedad personal fue endosada erróneamente por MAPFRE a favor de la Asociación, y no a nombre de cada titular individual.[4] Igualmente, mencionó que, para ese momento, Chubb también tenía vigente una póliza de seguros a favor de la Asociación, la cual aseguraba las actuaciones culposas y negligentes de su Junta de Directores.[5]

En el pliego, la parte apelante sostuvo que el ajustador público certificado contratado por la Asociación, René García Hoed, estimó los daños de su apartamento en veintisiete mil cuatrocientos cuarenta y dos dólares con veintitrés centavos ($27,442.23). A tenor con el estimado, se hizo una reclamación a MAPFRE el 22 de diciembre de 2017.[6]

Posteriormente, según esbozado en la demanda, la Asociación convocó una Asamblea Extraordinaria. Junto a la convocatoria de

---

[1] Apéndice del recurso, pág. 77.
[2] *Íd.*, pág. 80.
[3] *Íd.*, pág. 81.
[4] *Íd.*, pág. 80.
[5] *Íd.*, pág. 78.
[6] *Íd.*, pág. 80.

esta, el señor Daviú Ledesma recibió un desglose del posible pago por el daño sufrido en su apartamento que ascendía a veintisiete mil quinientos sesenta y seis dólares con treinta y siete centavos ($27,566.37).[7] No obstante, ante la nueva elección de la Junta de Directores, llevada a cabo el 14 de julio del 2019, no recibió la referida cantidad, sino que recibió diez mil cuatrocientos trece dólares con sesenta y un centavos ($10,413.61), cuantía inferior a la que le fue informada previamente. Por ello, el señor Daviú Ledesma planteó que "[l]a nueva Junta de Directores, ajustó a su antojo las cantidades a pagar a los titulares por las cubiertas de póliza personal y derrama".[8]

Por otro lado, el señor Daviú Ledesma sostuvo que MAPFRE realizó ajustes y emitió pagos erróneamente a favor de la Asociación, ascendentes a cuatrocientos diecinueve mil trecientos cuarenta y seis dólares con dieciocho centavos ($419,346.18), bajo la póliza multilineal de propiedad personal, en lugar de realizar los pagos a favor de cada titular individualmente, incluyendo a la parte apelante.[9] Por consiguiente, el señor Daviú Ledesma adujo que MAPFRE realizó los pagos de manera culposa y negligente, a sabiendas de que la Asociación no tenía un interés asegurable.[10]

La parte apelante indicó que, como consecuencia de la emisión errónea de la póliza multilineal de propiedad personal, el 19 de diciembre de 2019, la Oficina del Comisionado de Seguros de Puerto Rico (en adelante, OCS), dictó una orden en el Caso Núm. CM-2019-84, mediante la cual determinó, entre otras cosas, que no debió emitirse la referida póliza a favor de la Asociación, sino a nombre de cada titular individual. Se detalló que la OCS había concluido que tanto la Representante Autorizada como MAPFRE,

---

[7] *Íd.*, pág. 82.
[8] *Íd.*
[9] *Íd.*, pág. 80.
[10] *Íd.*, pág. 84.

habían violado el Artículo 11.050 del Código de Seguros de Puerto Rico, 26 LPRA sec. 1105, así como el Artículo 27.161 (1) del Código de Seguros, 26 LPRA sec. 2716a.[11] Consecuentemente, la OCS ordenó a las partes a que desistieran de las prácticas incurridas, y le impuso una multa de mil dólares ($1,000.00) a la Representante Autorizada; y, una multa de diez mil dólares ($10,000.00) a MAPFRE. Del mismo modo, se ordenó el pago de la cubierta por derrama que se contrató en la póliza.[12]

Así, y por no haber recibido aún una compensación por los daños sufridos en su apartamento, el 20 de septiembre de 2020, el señor Daviú Ledesma presentó las reclamaciones de epígrafe por incumplimiento de contrato, daños y perjuicios, y violaciones al Código de Seguros de Puerto Rico, *supra*. En la demanda, el señor Daviú Ledesma alegó que, debido a las actuaciones culposas y negligentes de las partes aquí apeladas, no pudo recibir compensación por los daños que sufrió su apartamento. Particularmente, adujo que MAPFRE emitió erróneamente la póliza en cuestión y remitió el pago de su reclamación a favor de la Asociación, con conocimiento de que esta no tenía un interés asegurable. En cuanto a la Asociación, le imputó haber infringido de manera crasa sus deberes de fiducia, al retener y recibir, de manera ilegal el pago de las reclamaciones, y reducir a su antojo las mismas. Con relación a Chubb, indicó que por concepto de la póliza que tenía con la Asociación, respondía solidariamente por los daños que le fueron causados por esta.

De este modo, la parte apelante le solicitó al Tribunal de Primera Instancia que resolviera a su favor y que ordenara a las partes apeladas lo siguiente: el pago por la reclamación por contenido ascendente a veintisiete mil cuatrocientos cuarenta y dos

---

[11] *Íd.*, pág. 80.
[12] *Íd.*, pág. 81.

dólares con veintitrés centavos ($27,442.23), el pago de reclamación por la derrama de cinco mil dólares ($5,000.00), quinientos mil dólares ($500,000.00) por concepto de angustias mentales, las costas, los gastos y honorarios de abogado.

El 14 de enero de 2021, en su *Contestación a la Demanda,* MAPFRE negó las alegaciones hechas en su contra por la parte apelante.[13] Entre otras cosas, también alegó que actuó de manera diligente en el manejo de la reclamación.[14] Posteriormente, el 31 de marzo de 2021, la Asociación presentó una *Solicitud de Desestimación,* mediante la cual planteó que el Tribunal de Primera Instancia carecía de jurisdicción para atender la controversia.[15] Arguyó que el Artículo 42 de la Ley de Condominios, 31 LPRA sec. 1293f, le otorgó jurisdicción primaria al Departamento de Asuntos del Consumidor (en adelante, DACo) para atender los reclamos dirigidos en su contra.

El 24 de mayo de 2021, la parte apelante presentó su *Oposición a Moción Solicitando Desestimación,* en la cual sostuvo que habían asuntos en la demanda sobre las cuales DACo no tenía jurisdicción, y, por ende, era el Tribunal de Primera Instancia el foro adecuado para atender sus reclamos.[16] Arguyó que las acciones de la Asociación estaban íntimamente relacionadas con las de MAPFRE, ya que, ambos alegadamente suscribieron una póliza de seguros erróneamente, la cual ocasionó que se desembolsara el pago de la reclamación que le correspondía al señor Daviú Ledesma de forma incorrecta. Alegó, además, que la desestimación del caso a favor de la Asociación provocaría que la sentencia, que en su día se dictara, fuera nula por falta de parte indispensable.

---

[13] No surge del expediente ante nos, ni de SUMAC, que la Asociación, Chubb, HOC, ni la señora Orsini Vélez hayan presentado sus contestaciones la demanda presentada en su contra.
[14] SUMAC, Entrada Núm. 12.
[15] Apéndice del recurso, pág. 73.
[16] *Íd.*, pág. 60.

Entretanto, el 13 de julio de 2022, el Tribunal de Primera Instancia desestimó por prescripción la demanda a favor de HOC.[17] Igualmente, el 15 de agosto de 2022, desestimó el caso a favor de la señora Orsini Vélez por prescripción.[18] Ambas *Sentencias Parciales* fueron confirmadas por este Foro Apelativo en el caso KLAN202200710.

Quedando pendientes las reclamaciones presentadas contra la Asociación, MAPFRE y Chubb, el 3 de julio de 2024 la Asociación presentó una *Moción Informativa y en Solicitud de Conocimiento Judicial*, en la cual le solicitó al Foro Primario que resolviese la moción solicitando la desestimación del caso en su contra.[19] El mismo día, Chubb presentó una moción, mediante la cual se unió a los reclamos de la Asociación para que se desestimara también la demanda a su favor.[20]

Debido a la falta de acción del Foro Primario, el 10 de julio de 2024, la Asociación, mediante una segunda moción, reiteró su petición al Tribunal de Primera Instancia para que resolviese la moción de desestimación previamente presentada.[21] El mismo día, la parte apelante presentó una moción, mediante la cual reiteró sus argumentos relativos la jurisdicción del tribunal, y le solicitó al Foro Primario que paralizara los procedimientos hasta que se dilucidara la moción de desestimación presentada por la parte apelada.[22]

Evaluadas las posturas de las partes, el Foro Primario emitió la *Sentencia* apelada el 16 de julio de 2024, y notificada el 17 de julio de 2024, mediante la cual, desestimó la demanda, con perjuicio, bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, por falta de jurisdicción sobre la materia.[23] El Tribunal de Primera

---

[17] *Íd.*, pág. 88.
[18] *Íd.*, pág. 96.
[19] *Íd.*, pág. 50.
[20] *Íd.*, pág. 48.
[21] *Íd.*, pág. 40.
[22] *Íd.*, pág. 25.
[23] *Íd.*, pág. 14.

Instancia fundamentó su proceder en que las reclamaciones del señor Daviú Ledesma se centraban en las actuaciones de la Asociación, al distribuir el dinero que recibió de MAPFRE. Por ello, el Foro Primario determinó que el foro con jurisdicción primaria y exclusiva era DACo, bajo el Artículo 42 de la Ley de Condominios, *supra.*

Inconforme, el 1 de agosto de 2024, la parte apelante presentó una *Moción de Reconsideración,* en la cual argumentó que DACo no tenía jurisdicción sobre la materia de violaciones al Código de Seguros.[24] Alegó que la moción de desestimación indujo a error al Tribunal de Primera Instancia al limitar la controversia a las reclamaciones dirigidas a la Asociación, a pesar de que existían otros reclamos contra otras partes. Además, reiteró su planteamiento de que las acciones culposas y negligentes de la Asociación estaban íntimamente ligadas a las de las aseguradoras. Asimismo, en la referida moción, solicitó que, de desestimarse la demanda, esta fuera sin perjuicio. Sin embargo, al día siguiente, el 2 de agosto de 2024, el Tribunal de Primera Instancia declaró *No Ha Lugar* la reconsideración.[25]

Aún en desacuerdo con lo resuelto, el 3 de septiembre de 2024, la parte apelante compareció ante nos mediante el presente recurso de apelación. En el mismo formula los siguientes señalamientos:

> Erró el Tribunal de Primera Instancia al determinar que DACo tenía jurisdicción exclusiva sobre las causas de acción en el presente pleito cuando la demanda incluye causas bajo el Código de Seguros y sobre MAPFRE en conjunto con las actuaciones del Condominio y cuando el Artículo 4.3 de la Ley de Procedimiento Administrativo Uniforme provee para el relevo del requisito de agotar los remedios administrativos.

---

[24] *Íd.*, pág. 3.
[25] *Íd.*, pág. 1.

Erró el Tribunal de Primera Instancia al desestimar la demanda con perjuicio por falta de jurisdicción sobre la materia.

El 2 de octubre de 2024 MAPFRE presentó su oposición al recurso de apelación, y la Asociación, el 3 de octubre de 2024. Luego de examinar el expediente de autos, y con el beneficio de la comparecencia de las partes, procedemos a expresarnos.

**II**

**A**

Conforme es sabido, en materia de derecho administrativo, la doctrina de *jurisdicción primaria* está predicada en una norma de prelación jurisdiccional respecto al foro adjudicativo legitimado para atender, en principio, determinada controversia. *Ortiz v. Panel FEI,* 155 DPR 219, 242 (2001). Siendo así, la misma exige a los tribunales de justicia auscultar el alcance de la ley habilitadora del organismo concernido, a fin de resolver si el asunto en cuestión es uno estrictamente sujeto a su ámbito de especialización. *Consejo Titulares v. Gómez Estremera et al.,* 184 DPR 407, 430 (2012). Por tanto, la antedicha norma plantea un esquema de competencia inicial, que opera en función a lo dispuesto en el estatuto regulador de la agencia.

El estado de derecho reconoce que la doctrina de jurisdicción primaria se manifiesta en dos contextos independientes: la *jurisdicción primaria exclusiva* y la *jurisdicción primaria concurrente. Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 102 (2020); *Báez Rodríguez et al. v. E.L.A.,* 179 DPR 231, 239 (2010); *Rivera Ortiz v. Mun. de Guaynabo,* 141 DPR 257, 267 (1996). La jurisdicción primaria concurrente plantea un asunto de deferencia a la especialización de las agencias respecto a las materias que le han sido delegadas. Por tanto, los tribunales, aunque plenamente facultados para atender la reclamación de que trate, autolimitan su intervención, a fin de que los organismos administrativos empleen

su conocimiento experto en aras de llegar a una disposición más precisa.  Así pues, aunque ambos foros poseen igual autoridad para atender la controversia pertinente, cuando el asunto a determinarse se fundamenta en cuestiones de hechos complejos, cuya dilucidación requiere cierto grado de pericia, los foros judiciales se abstendrán de ejercer su función adjudicadora, ello al reconocer la adecuacidad de la intervención primaria de la agencia. *Beltrán Cintrón et al. v. ELA et al.,* supra, pág. 103; *Báez Rodríguez et al. v. E.L.A.,* supra, pág. 240; *Rivera Ortiz v. Mun. De Guaynabo,* supra, pág. 268.

Por su parte, la jurisdicción primaria exclusiva hace referencia a las ocasiones en que, por virtud de ley, de manera clara e inequívoca, la autoridad de los tribunales queda postergada hasta tanto la agencia concernida entienda primero sobre el asunto.  De este modo, por mandato legislativo, los foros judiciales están impedidos de asumir jurisdicción inicial en un asunto que, si bien es por ellos adjudicable, ha sido estricta y exclusivamente delegado a la intervención original del cuerpo administrativo de que trate.  Ahora bien, mediante la posterior etapa de revisión judicial, la parte interesada asegura el efectivo ejercicio de la labor de los tribunales de justicia. *Rivera Ortiz v. Mun. de Guaynabo,* págs. 273-274*; Aguilú Delgado v. P.R. Parking System,* 122 DPR 261, 266 (1988).

Ahora bien, nuestro ordenamiento ha resuelto que "la doctrina de jurisdicción primaria no es una camisa de fuerza", por lo que, en determinadas circunstancias, se ha reconocido su inaplicabilidad. *Consejo de Titulares v. Gómez Estremera et al.,* supra*,* a la pág. 430; *Ortiz v. Panel del F.E.I.,* supra, pág. 246*.* En este contexto, el estado de derecho dispone que la referida norma no opera en toda su extensión cuando la cuestión planteada sea una de estricto derecho. *Ortiz v. Panel del F.E.I.,* supra, pág.

246. Por tanto, la doctrina de jurisdicción primaria "no aplica cuando la naturaleza de la causa de acción presentada y el remedio solicitado destacan que no se presentan cuestiones de derecho que exijan el ejercicio de discreción y de peritaje administrativo, es decir, cuando la cuestión que se plantea sea puramente judicial". *Consejo de Titulares v. Gómez Estremera et al.,* supra, págs. 430-431; citando a *Ortiz v. Panel del F.E.I.,* supra, pág. 246.

**B**

El régimen de propiedad horizontal es una institución jurídica *sui generis,* consistente en el dominio exclusivo de una unidad inmueble que "coexiste con un condominio forzoso e inseparable de elementos comunes". *Bravman, González v. Consejo Titulares,* 183 DPR 827, 844 (2011), citando a *Arce v. Caribbean Home Const. Corp.,* 108 DPR 225, 236 (1978). Su principio rector es garantizar a los titulares el disfrute de la propiedad individual. De ahí que, la Ley de Condominios, Ley Núm. 104 de 25 de junio de 1958, sec. 1291 *et seq,* según enmendada, [26] reconoce al titular de un apartamento sometido al régimen de propiedad horizontal, el derecho al pleno disfrute de este y de las áreas comunes, ello sin menoscabo de los derechos ajenos. Así pues, el estado de derecho en esta materia propende a la sana convivencia entre condóminos, mediante la conciliación de los derechos y prerrogativas involucrados. *Junta de Dir. Cond. Montebello v. Torres,* 138 DPR 150, 154 (1995).

Ahora bien, y atinente a lo que nos ocupa, la Ley de Condominios de Puerto Rico, *supra,* le otorgó jurisdicción primaria

---

[26] Advertimos que la Ley Núm. 104, s*upra,* quedó derogada mediante la aprobación de la actual Ley de Condominios de Puerto Rico, Ley 129-2020, 31 LPRA sec. 1921 *et seq.* No obstante, por ser el estatuto vigente al momento de acontecidos los hechos, haremos referencia a los términos de la Ley Núm. 104, supra.

a DACo para adjudicar ciertas controversias. Específicamente, en su Artículo 42 dispone lo siguiente:

> Los acuerdos del Consejo de Titulares y las determinaciones, omisiones o actuaciones del Director o de la Junta de Directores, del titular que somete el inmueble al régimen que establece esta Ley, durante el período de administración que contempla el Artículo 36-A, del Presidente y del Secretario, concernientes a la administración de inmuebles que no comprendan apartamentos destinados a vivienda o de titulares de apartamentos no residenciales en los condominios en donde exista por lo menos un apartamento dedicado a vivienda, serán impugnables ante el Tribunal de [P]rimera [I]nstancia por cualquier titular que estimase que el acuerdo, determinación, omisión o actuación en cuestión es gravemente perjudicial para él o para la comunidad de titulares o es contrario a la ley, a la escritura de constitución o al Reglamento a que hace referencia el Artículo 36. Las impugnaciones por los titulares de apartamentos destinados a viviendas se presentarán ante el Departamento de Asuntos del Consumidor.

> 31 LPRA ant. sec. 1293f.

Asimismo, el Artículo 48 de la referida Ley, 31 LPRA ant. sec. 1294, creó una División Especial de Adjudicación de Querellas de Condominios en DACo. El mismo dispone lo siguiente:

> Se crea en el Departamento de Asuntos del Consumidor una División Especial de Adjudicación de Querellas de Condominios, para atender todo lo relacionado a todo condominio en el que exista por lo menos un apartamento dedicado a vivienda.

> [...]

> Sin perjuicio de lo anterior, toda querella relacionada con la cubierta o los términos y condiciones del contrato de seguros, será referida a la Oficina del Comisionado de Seguros de Puerto Rico para su consideración. Se faculta al Comisionado, de ser necesario, a adoptar un reglamento especial para la adjudicación de las querellas que surjan bajo el régimen de propiedad horizontal.

> 31 LPRA ant. sec. 1294.

Por su parte, en el caso de *Consejo Titulares v. Gómez Estremera*, supra, págs. 412-413, el Tribunal Supremo tuvo ante sí la controversia sobre si una causa de acción de daños y perjuicios de un titular de un apartamento dedicado a vivienda contra la Junta de Directores, se encontraba dentro del procedimiento ordinario

para impugnar las determinaciones, acuerdos, acciones y omisiones de estos, bajo el Artículo 42 de la Ley de Condominios, *supra*.

Se explicó que cuando se impugnen los actuaciones u omisiones del Consejo de Titulares con respecto a la **administración del inmueble**, "se debe recurrir al Artículo 42 de la Ley de Condominios". *Consejo de Titulares v. Gómez Estremera,* supra, pág. 431. No obstante, esta autoridad "no se extiende a toda posible causa de acción dimanante de un condominio sometido al régimen de propiedad horizontal". *Íd.,* pág. 420; citando a *Consejo Cond. Plaza del Mar v. Jetter,* 169 DPR 643, 662 (2006). A modo de ejemplo, el Tribunal Supremo expuso que la Ley de Condominios, *supra*, no le confirió jurisdicción primaria a DACo cuando se trata de acciones entre titulares, o de aquellas presentadas por la Junta de Titulares en contra de un titular. *Consejo Titulares v. Gómez Estremera,* supra, pág. 420.

Del mismo modo, nuestro Máximo Foro local aclaró que, **cuando la acción se trata de una cuestión estrictamente de derecho que no requiere del peritaje de la agencia, la jurisdicción de DACo puede preterirse y el Tribunal de Primera Instancia tendrá la prerrogativa para adjudicar la misma.** *Íd,* **pág. 431.** Por tal razón, cuando la acción vaya dirigida al resarcimiento de daños, bajo el Artículo 1802 del Código Civil, 31 LPRA ant. sec. 5141,[27] **"el foro con jurisdicción es el Tribunal de Primera Instancia"**. *Consejo Titulares v. Gómez Estremera et al.,* supra. págs. 431-432.

Así, pues, el distinguido Foro resaltó que lo decidido en ese caso, se ajustaba a lo dispuesto en nuestras Reglas de Procedimiento Civil, en relación al principio de que se debe

---

[27] Advertimos que el Artículo 1802 del Código Civil, *supra*, quedó derogada mediante la aprobación del actual Código Civil de Puerto Rico, Ley 55-2020, 31 LPRA sec. 5311 *et seq.* No obstante, por ser el estatuto vigente al momento de acontecidos los hechos, haremos referencia a los términos del Código Civil derogado, supra.

garantizar "una solución justa, rápida y económica de todo procedimiento". 32 LPRA Ap. V, R. 1; *Consejo Titulares v. Gómez Estremera et al.,* supra, pág. 434. De igual manera, recalcó que en nuestro derecho procesal permea el principio de evitar la multiplicidad de pleitos, así como el de "evitar la proliferación de acciones, lograr la economía procesal y evitar la indeseable probabilidad de que surjan fallos incompatibles relacionados con un mismo incidente". *Íd.,* pág. 434; citando a *Vives Vázquez v. E.L.A,* 142 DPR 117, 125 (1996).

**C**

La Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 10.2, provee para que una parte interesada solicite al foro competente la desestimación de un pleito incoado en su contra bajo el fundamento de que la reclamación en controversia no justifica la concesión de un remedio. El referido mecanismo, para que proceda en derecho, presupone que se den por correctos y bien alegados los hechos incluidos en la demanda, así como también exige que los mismos se expongan de forma clara y concluyente, sin que de su faz se desprenda margen alguno a dudas. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006); *Pressure Vessels P.R. v. Empire Gas P.R.,* 137 DPR 497, 504-505 (1994).

Las siguientes defensas pueden levantarse mediante una moción al amparo de la Regla 10.2 de Procedimiento Civil, *supra*: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.

La falta de jurisdicción sobre la materia tiene estas características: (1) no es susceptible de ser subsanada; (2) las partes

no pueden voluntariamente otorgar al tribunal jurisdicción sobre la materia, ni puede el tribunal atribuírsela; (3) los dictámenes de un foro sin jurisdicción sobre la materia son nulos; (4) los tribunales tienen el deber ineludible de auscultar su propia jurisdicción; (5) los tribunales apelativos deben examinar la jurisdicción del foro del cual proviene el recurso; y (6) un planteamiento de falta de jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento, por cualesquiera de las partes o el tribunal *motu proprio*. *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

No obstante, a pesar del deber ministerial de los tribunales de velar por su jurisdicción, esta función no debe conducir a las partes a una innecesaria e indeseable multiplicidad de acciones. *Consejo Titulares v. Gómez Estremera et al.,* supra, pág. 434. Por tal razón, nuestro estado de derecho reconoce e impulsa el interés de que todo litigante tenga su día en corte. *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 DPR 115, 121 (1992).

El empleo de los recursos adjudicativos en nuestra jurisdicción se fundamenta en la política judicial que establece que los casos se ventilen en sus méritos de forma rápida, justa y económica. *Amaro González v. First Fed. Savs.,* 132 DPR 1042, 1052 (1993). En consecuencia, la desestimación de un pleito, previo a entrar a considerar los argumentos que en el mismo se plantean, constituye el último recurso al cual se debe acudir, luego de que otros mecanismos resulten ser ineficaces en el orden de administrar la justicia. *S.L.G. Sierra v. Rodríguez,* 163 DPR 738, 746 (2005). En este contexto, la posición doctrinaria en nuestro sistema de ley es salvaguardar, como norma general, el derecho de las partes a su efectivo acceso a los tribunales. *Imp. Vilca, Inc. v. Hogares Crea, Inc.,* 118 DPR 679, 686-687 (1987).

**III**

En el caso ante nos, la parte apelante sostiene que el Tribunal de Primera Instancia erró al determinar que DACo era quien tenía jurisdicción exclusiva para adjudicar la demanda presentada. De igual forma, plantea que el Foro Primario erró al desestimar la causa de acción con perjuicio por falta de jurisdicción sobre la materia. Habiendo examinado los referidos planteamientos a la luz de las particularidades del caso, así como el derecho aplicable a la controversia de autos, procedemos a revocar la *Sentencia* apelada.

Según detallamos previamente, en el caso ante nos, las alegaciones de la parte apelante contra la Asociación giran en torno a que, por las actuaciones culposas y negligentes de la entidad, el señor Daviú Ledesma no ha podido recibir una compensación por los daños ocasionados por el huracán María a su apartamento. Asimismo, en cuanto a Chubb, la reclamación del señor Daviú Ledesma va dirigida a que, por tener una póliza vigente con la Asociación que aseguraba las actuaciones culposas y negligentes de su Junta de Directores, esta respondía solidariamente por los daños que se entendieran que su asegurado le provocó a la parte apelante. Con relación a MAPFRE, la parte apelante le atribuye la responsabilidad de haber emitido erróneamente una póliza multilineal de propiedad personal a favor del Condominio, a sabiendas de que debió haber sido suscrita a nombre de los titulares individuales. Además, el señor Daviú Ledesma alegó que MAPFRE, con conocimiento de que se había emitido incorrectamente la referida póliza, remitió el pago de la reclamación de la parte apelante a la Asociación, con conocimiento de que este no tenía un interés asegurable. Por ello, la parte apelante le reclamó a las tres (3) partes apeladas el pago por reclamación por contenido, el pago de reclamación por derrama, las angustias mentales, las costas, los gastos y honorarios de abogados.

Conforme a la normativa expuesta previamente, en el caso de marras, está más que claro, y no existe controversia, sobre el hecho de que DACo no tiene jurisdicción para entender sobre las alegaciones de daños y perjuicios presentadas contra MAPFRE y Chubb. Sin embargo, inexplicablemente, el Foro Primario desestimó las reclamaciones de la parte apelante sin fundamento, obviando el hecho de que la referida agencia no tenía ninguna posibilidad de entender sobre las mismas. Por lo tanto, al decretar la desestimación con perjuicio contra MAPFRE y Chubb, el Tribunal de Primera Instancia erró.

En cuanto a las alegaciones en contra de la Asociación, conforme al análisis de *Consejo Titulares v. Gómez Estremera*, supra, es nuestra apreciación que el Tribunal de Primera Instancia tenía jurisdicción para entender sobre la reclamación de resarcimiento por daños y perjuicios por los siguientes fundamentos. Primero, exigir que la parte apelante presentara su reclamación ante DACo hubiese resultado en un intento fútil, ya que, conforme al Artículo 48 de la Ley de Condominios, *supra,* de haberse presentado la referida reclamación ante la agencia, la misma hubiese sido referida a la OCS. Tal cual expresado, en el presente caso, ya la OCS adjudicó e impuso las multas correspondientes con relación a los contratos de seguros suscritos entre estas y la Asociación. De igual forma, los asuntos relacionados a las violaciones de la Asociación a la Ley de Condominios fueron dirimidos ante DACo.

Segundo, los reclamos que restan por dilucidarse son sobre el resarcimiento de los alegados daños de la parte apelante, los cuales versan sobre una cuestión estrictamente de derecho que no requieren de la pericia de DACo para poder adjudicarse. Por lo tanto, conforme a la jurisprudencia esbozada previamente, el Tribunal de Primera Instancia debió haber asumido jurisdicción para atender este caso. En adición, resulta importante resaltar que el presente

caso llevaba ante la consideración del Foro Primario desde el año 2020. Sin prestar atención sobre tal hecho, el Foro *a quo* desestimó todas las causas de acción aproximadamente cuatro (4) años después de su presentación. De este modo, el Foro Primario obró en contravención al principio de la económica procesal que promueve nuestro ordenamiento jurídico y que exige que los casos se ventilen de forma rápida, justa y económica, así como que se evite la multiplicidad de pleitos.

De otro lado, en su segundo señalamiento, la parte apelante planteó que el Tribunal de Primera Instancia erró al desestimar con perjuicio la demanda. Al examinar el dictamen apelado, vemos que, a pesar de que en su determinación concluyó no tener jurisdicción, el Foro Primario dio finalidad a todas las reclamaciones al decretar la desestimación con perjuicio, obviando el hecho de que DACo no tenía jurisdicción para atender los reclamos contra MAPFRE y Chubb. Al proceder de esta manera, el Tribunal de Primera Instancia incurrió en el error, ya que, al determinar que no tenía jurisdicción, lo procedente era desestimar sin perjuicio. Lo anterior, resulta especialmente pertinente cuando en el presente caso, no había otro foro competente que pudiera dirimir la controversia, dejando a la parte apelante en una situación de indefensión.

De este modo, nos resulta imposible coincidir con el dictamen del Tribunal de Primera Instancia, y entendemos que cometió los errores señalados. En síntesis, tomando en consideración los estatutos y la jurisprudencia esbozada previamente, específicamente la norma establecida en *Consejo de Titulares v. Gómez Estremera*, supra, es nuestra apreciación que el Tribunal de Primera Instancia es quien tiene jurisdicción para entender sobre la reclamación de daños y perjuicios contra los aquí apelados, y, por lo tanto, erró al desestimar la causa de acción de la parte apelante. De lo contrario, estaríamos promoviendo el fraccionamiento de los

procedimientos, lo cual no se ajusta al principio de economía procesal.

Así, a raíz de lo expuesto, revocamos la *Sentencia* apelada, dejando sin efecto la misma.

**IV**

Por los fundamentos que anteceden, se revoca la *Sentencia* apelada, ello a tenor con lo dispuesto por este Foro, y devolvemos el caso ante el foro primario para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones